Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III (ESPECIAL)

| | | |
|---|---|---|
| COBRA ACQUISITIONS, LLC<br><br>Peticionario<br><br>v.<br><br>MUNICIPIO DE ARROYO, AUTORIDAD DE ENERGÍA ELÉCTRICA, ESTADO LIBRE ASOCIADO DE PUERTO RICO<br><br>Recurrida | KLCE202400873<br><br><br><br>Consolidado con: | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN<br><br>Caso Núm. SJ2020CV01121<br><br>Sobre:<br>Sentencia Declaratoria |
| *************************** | | ************************** |
| COBRA ACQUISITIONS, LLC<br><br>Peticionario<br><br>v.<br><br>MUNICIPIO DE PATILLAS, AUTORIDAD DE ENERGÍA ELÉCTRICA, ESTADO LIBRE ASOCIADO DE PUERTO RICO<br><br>Recurrida | KLCE202400875 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN<br><br>Caso Núm. SJ2020CV01140<br><br>Sobre:<br>Sentencia Declaratoria |
| **************************** | | ************************** |
| MUNICIPIO DE CEIBA<br><br>Recurrida<br><br>v.<br><br><br><br>COBRA ACQUISITIONS, LLC; COMPAÑÍA XYZ<br><br>Peticionario | KLCE202400876 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN<br><br>Caso Núm. SJ2020CV01325<br><br>Sobre:<br><br>Arbitrios de Construcción, Patentes Municipales |
| *************************** | | ************************** |

Número Identificador

RES2024 _____

KLCE202400873 cons. KLCE202400875, KLCE202400876, KLCE202400877, KLCE202400878, KLCE202400879, KLCE202400880, KLCE202400881, KLCE202400882, KLCE202400883, KLCE202400884, KLCE202400885, y KLCE202400886

2

| | | |
|---|---|---|
| COBRA ACQUISITIONS, LLC<br><br>Peticionario<br><br>v.<br><br>MUNICIPIO DE CAYEY, AUTORIDAD DE ENERGÍA ELÉCTRICA, ESTADO LIBRE ASOCIADO DE PUERTO RICO<br><br>Recurrida | KLCE202400877 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN<br><br>Caso Núm. SJ2019CV12938<br><br>Sobre:<br>Sentencia Declaratoria |
| *************************<br>COBRA ACQUISITIONS, LLC<br><br>Peticionario<br><br>v.<br><br>MUNICIPIO DE LAS PIEDRAS, AUTORIDAD DE ENERGÍA ELÉCTRICA, ESTADO LIBRE ASOCIADO DE PUERTO RICO<br><br>Recurrida | KLCE202400878 | *************************<br>*Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN<br><br>Caso Núm.: SJ2020CV01549<br><br>Sobre:<br>Sentencia Declaratoria |
| *************************<br>COBRA ACQUISITIONS, LLC<br><br>Peticionario<br><br>v.<br><br>MUNICIPIO DE UTUADO SR. JORGE PÉREZ HEREDIA<br><br>Recurrida | KLCE202400879 | *************************<br>*Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN<br><br>Caso Núm. SJ2020CV03931<br><br>Sobre:<br><br>Sentencia Declaratoria |
| *************************<br>COBRA ACQUISITIONS, LLC<br><br>Peticionario<br><br>v.<br><br>MUNICIPIO AUTÓNOMO DE GUAYNABO, | KLCE202400880 | *************************<br>*Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN<br><br>Caso Núm. SJ2021CV02278 |

KLCE202400873 cons. KLCE202400875, KLCE202400876, KLCE202400877, KLCE202400878, KLCE202400879, KLCE202400880, KLCE202400881, KLCE202400882, KLCE202400883, KLCE202400884, KLCE202400885, y KLCE202400886

3

| | | |
|---|---|---|
| AUTORIDAD DE ENERGÍA ELÉCTRICA, ESTADO LIBRE ASOCIADO DE PUERTO RICO<br><br>Recurrida | | Sobre:<br><br>Sentencia Declaratoria |
| \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*<br>COBRA ACQUISITIONS, LLC<br><br>Peticionario<br><br>v.<br><br>MUNICIPIO DE HUMACAO, AUTORIDAD DE ENERGÍA ELÉCTRICA, ESTADO LIBRE ASOCIADO DE PUERTO RICO | KLCE202400881 | \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*<br>*Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN<br><br>Caso Núm. SJ2020CV01252<br><br>Sobre:<br><br>Sentencia Declaratoria |
| \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*<br>COBRA ACQUISITIONS, LLC<br><br>Peticionario<br><br>v.<br><br>MUNICIPIO DE SALINAS, AUTORIDAD DE ENERGÍA ELÉCTRICA, ESTADO LIBRE ASOCIADO DE PUERTO RICO<br><br>Recurrida | KLCE202400882 | \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*<br>*Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN<br><br>Caso Núm. SJ2020CV01135<br><br>Sobre:<br><br>Sentencia Declaratoria |
| \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*<br>COBRA ACQUISITIONS, LLC<br><br>Peticionario<br><br>v.<br><br>MUNICIPIO AUTÓNOMO DE GUAYAMA, AUTORIDAD DE ENERGÍA ELÉCTRICA<br><br>Recurrida<br><br>\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* | KLCE202400883 | \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*<br>*Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN<br><br>Caso Núm. SJ2019CV08847<br><br>Sobre:<br>Arbitrios de Construcción<br><br>\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* |

KLCE202400873 cons. KLCE202400875, KLCE202400876, KLCE202400877, KLCE202400878, KLCE202400879, KLCE202400880, KLCE202400881, KLCE202400882, KLCE202400883, KLCE202400884, KLCE202400885, y KLCE202400886

4

| | | |
|---|---|---|
| COBRA ACQUISITIONS, LLC<br><br>Peticionario<br><br>v.<br><br>MUNICIPIO DE CAGUAS, AUTORIDAD DE ENERGÍA ELÉCTRICA, ESTADO LIBRE ASOCIADO DE PUERTO RICO<br><br>Recurrida | KLCE202400884 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN<br><br>Caso Núm. SJ2020CV01234<br><br>Sobre:<br><br>Sentencia Declaratoria |
| ************************<br>COBRA ACQUISITIONS, LLC<br><br>Peticionario<br><br>v.<br><br>MUNICIPIO DE GURABO, AUTORIDAD DE ENERGÍA ELÉCTRICA, ESTADO LIBRE ASOCIADO DE PUERTO RICO<br><br>Recurrida | KLCE20400885 | *************************<br>*Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN<br><br>Caso Núm. SJ2022CV00038<br><br>Sobre:<br><br>Sentencia Declaratoria, Arbitrios de Construcción, Patentes Municipales |
| **************************<br>COBRA ACQUISITIONS, LLC<br><br>Peticionario<br><br>v.<br><br>MUNICIPIO DE YABUCOA, AUTORIDAD DE ENERGÍA ELÉCTRICA<br><br>Recurrida | KLCE202400886 | *************************<br>*Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN<br><br>Caso Núm. SJ2019CV08733<br><br>Sobre:<br>Arbitrios de Construcción |

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

Mateu Meléndez, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 10 de septiembre de 2024.

KLCE202400873 cons. KLCE202400875, KLCE202400876, KLCE202400877, KLCE202400878, KLCE202400879, KLCE202400880, KLCE202400881, KLCE202400882, KLCE202400883, KLCE202400884, KLCE202400885, y KLCE202400886

5

El 12 de agosto del año en curso, COBRA Acquisitions, LLC (en adelante, COBRA o la peticionaria) sometió ante este Tribunal de Apelaciones la *Petición de certiorari* **KLCE202400873** y nos solicitó la revocación de la *Resolución* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante TPI o foro primario) el 23 de abril de 2024. Mediante el aludido dictamen, el TPI denegó la *Solicitud de Inhibición del Juez Andrés M. Ramírez Marcano* que presentó la peticionaria.[1]

Ese día, la recurrente presentó doce (12) recursos adicionales en los cuales recurrió de determinaciones similares en las que el foro primario rechazó la petición para la inhibición del Juez Ramírez Marcano. Estos son: **KLCE202400875, KLCE202400876, KLCE202400877, KLCE202400878, KLCE202400879, KLCE20240880, KLCE20240881, KLCE20240882, KLCE202400883, KLCE202400884, KLCE202400885 Y KLCE202400886**.[2]

Examinados los distintos planteamientos levantados en los legajos apelativos consolidados, por las razones que a continuación expondremos resolvemos **denegar** la expedición del auto de *certiorari* solicitado en cada uno de ellos.

**-I-**

Los pleitos consolidados comenzaron cuando en cada uno de ellos COBRA instó una *Demanda* sobre sentencia declaratoria en la que peticionó al tribunal que se resolviera que los respectivos municipios demandados carecían de autoridad legal para imponerle arbitrios de construcción por esta ser contratista de la Autoridad de Energía Eléctrica (en adelante, AEE).

En cuanto a la controversia ante nuestra consideración, es menester conocer que, en distintas fechas, en los pleitos de epígrafe COBRA presentó sendas solicitudes de recusación y/o inhibición del Juez Andrés M.

---

[1] Es meritorio señalar que en cada uno de los casos de epígrafe y en la misma fecha, similar petición de inhibición fue sometida por la recurrente.

[2] El 21 de agosto de 2024, emitimos *Resolución* mediante la cual ordenamos la consolidación de estos 12 recursos.

KLCE202400873 cons. KLCE202400875, KLCE202400876, KLCE202400877, KLCE202400878, KLCE202400879, KLCE202400880, KLCE202400881, KLCE202400882, KLCE202400883, KLCE202400884, KLCE202400885, y KLCE202400886

6

Ramírez Marcano, quien preside la sala en la que se dilucidan. Igual de importante es conocer que ante dichas peticiones, el Juez Ramírez Marcano resolvió que la petición de recusación ocurrió expirado el término de 20 días dispuesto en la Regla 63.2(a) de Procedimiento Civil, 32 LPRA Ap. V, R: 63.2(a). Asimismo, determinó que podría continuar atendiendo los procedimientos de los casos.

COBRA acudió en revisión judicial de dicha decisión en cada uno de los pleitos en la cual fue emitida. Tras consolidar estos, el 29 de febrero de 2024, este Tribunal de Apelaciones dictó *Sentencia* en la que se revocó lo resuelto y se ordenó referir el asunto ante la Jueza Administradora. El 6 de marzo de 2024, notificada al día siguiente, conforme ordenado, la controversia fue referida a la Sala 907 del TPI para disposición. Así pues, el 23 de abril de 2024, el Juez Alfonso S. Martínez Piovanetti emitió *Resolución* en todos los casos de epígrafe mediante la cual declaró No Ha Lugar la solicitud de recusación sometida por COBRA en cada uno de ellos.

Al así hacerlo, el Juez Martínez Piovanetti manifestó lo que a continuación se transcribe:

> De entrada, se debe destacar que la moción ante nuestra consideración no cumple con los requisitos procesales que dimanan de la Regla 63.2 de Procedimiento Civil, supra, y que son necesarios para atender una solicitud de recusación conforme al derecho aplicable. Nótese que dicha Regla requiere, entre otras cosas, que "[t]oda solicitud de recusación será jurada y se presentará ante el juez recusado o jueza recusada dentro de veinte (20) días desde que la parte solicitante conozca de la causa de la recusación". Id. Al respecto, y según explicó el Tribunal Supremo, "estas exigencias obedecen a serias consideraciones de política pública, pues la solicitud de inhibición pone en tela de juicio la imparcialidad en la adjudicación de una controversia, elemento esencial de la Justicia. No son estos meros requerimientos superfluos o tecnicismos triviales de los cuales se puede prescindir al antojo". *Martí Soler v. Gallardo Álvarez*, 170 DPR 1, 9 (2007).

> En ese sentido, surge del expediente en este caso que la moción de inhibición ante nuestra consideración no fue presentada dentro del término de 20 días desde que la parte solicitante conoció de la causa de la recusación, según lo requiere la referida regla. Sobre este particular, la parte demandante reconoció en la nota al calce núm. 7 de la "*Solicitud de Recusación del Honorable Andrés M. Ramírez Marcano*" que ésta advino en conocimiento sobre "estas nuevas imputaciones" emitidas por el Juez Ramírez Marcano en su contra

KLCE202400873 cons. KLCE202400875, KLCE202400876, KLCE202400877, KLCE202400878, KLCE202400879, KLCE202400880, KLCE202400881, KLCE202400882, KLCE202400883, KLCE202400884, KLCE202400885, y KLCE202400886

7

—las cuales son el presunto fundamento de la recusación— el 25 de septiembre de 2023. *Entrada núm. 66 del expediente electrónico.*

De conformidad con lo anterior, transcurrió más de veinte (20) días desde que Cobra Adquisitions, LLC. ("COBRA") advino en conocimiento de los presuntos fundamentos de la recusación. Es decir, la parte demandante, como mínimo, advino en conocimiento de los presuntos fundamentos de la recusación el 25 de septiembre de 2023. Mientras, la *Solicitud de Recusación del Honorable Andrés M. Ramírez Marcano* se presentó el 8 de enero de 2024. De manera que, la parte demandante tenía hasta el 16 de octubre de 2023 para solicitar la recusación del Juez Ramírez Marcano.[3] Esta omisión impide que podamos considerar en los méritos la solicitud de inhibición, pues en la jurisprudencia interpretativa antes citada se destaca que los requerimientos no son meros "tecnicismos triviales de los cuales se puede prescindir al antojo"; sino por el contrario estos son "exigencias [que] obedecen a serias consideraciones de política pública". *Martí Soler v. Gallardo Álvarez, supra.*

En todo caso, e independientemente del incumplimiento con el requisito de presentar la solicitud de recusación dentro del término de veinte (20) días a partir de que el solicitante advenga en conocimiento del fundamento para la recusación, surge del contenido de la moción que ésta intenta controvertir las determinaciones procesales y sustantivas del Juez Ramírez Marcano durante el trámite del pleito.[4] Y es que de ningún modo se desprende de las alegaciones de la parte demandante que estas órdenes interlocutorias hayan tenido un origen extrajudicial ni que hayan estado cimentadas en un perjuicio personal contra dicha parte que tienda a minar la confianza pública en el sistema de justicia.

Inconforme con estas expresiones y lo decidido en virtud de ellas, COBRA, en cada uno de los casos de epígrafe, presentó *Solicitud de Reconsideración* en la que niega que la recusación descansara en un suceso aislado ocurrido el 25 de septiembre de 2023, sino en un patrón de conducta prejuiciada de parte del Juez Ramírez Marcano. A su vez, reclamó tener derecho a la celebración de una audiencia en la cual se le permita presentar prueba del origen extrajudicial del perjuicio. Mediante *Resolución* emitida 12 de julio de 2024, en cada uno de los casos de epígrafe, el foro primario denegó la reconsideración.

En desacuerdo aún, COBRA acudió ante este Tribunal de Apelaciones en los recursos consolidados atribuyéndole error y abuso de discreción al Juez Martínez Piovanetti al denegar la recusación solicitada. Con los distintos recursos sometidos, COBRA solicitó autorización para

KLCE202400873 cons. KLCE202400875, KLCE202400876, KLCE202400877, KLCE202400878, KLCE202400879, KLCE202400880, KLCE202400881, KLCE202400882, KLCE202400883, KLCE202400884, KLCE202400885, y KLCE202400886

8

presentar el Apéndice del recurso con posterioridad, conforme la Regla 34(E)(2) de nuestro Reglamento, AP XXII-B, R. 34(E)(2).

El 21 de agosto de 2024, notificada el día 26, emitimos *Resolución* en la que consolidamos los recursos de epígrafe, le concedimos a la peticionaria término para someter el apéndice. De igual forma, le ordenamos a los recurridos a someter su posición dentro del plazo establecido para ello en nuestro Reglamento[3]. Vencido el plazo concedido, algunas de las recurridas han sometido su posición.

En consideración a la expiración del término, damos por sometido el asunto con el beneficio de la postura de las partes que han comparecido y procedemos a resolverlo.

-II-

*A.*

El vehículo procesal de *certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. Rivera et al. v. Arcos Dorados et al., 212 DPR 194, 195 (2023) al citar a McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021) y otros. La característica distintiva del recurso de certiorari descansa en la discreción encomendada a este Tribunal de Apelaciones para autorizar su expedición y adjudicar sus méritos. *Íd*. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 729 (2016). Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd*.

---

[3] El Municipio de Guaynabo compareció en reconsideración de nuestra *Resolución*, puesto que el plazo brindado a COBRA para producir su apéndice era el mismo que tenía el municipio para oponerse al recurso. El 28 de agosto de 2024, mediante *Resolución* declaramos No Ha Lugar la reconsideración sometida.

KLCE202400873 cons. KLCE202400875, KLCE202400876, KLCE202400877, KLCE202400878, KLCE202400879, KLCE202400880, KLCE202400881, KLCE202400882, KLCE202400883, KLCE202400884, KLCE202400885, y KLCE202400886

9

Ahora bien, en los procesos civiles, los preceptos que regulan la expedición de un auto de *certiorari* se encuentran en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. Rivera et al. v. Arcos Dorados et al., *supra,* a las págs. 207-208. La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo." Asimismo, y a manera de excepción, se podrá expedir este auto discrecional cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia." *Íd.*

*B.*

La inhibición y recusación de un juez o jueza está regulada por los Cánones de Ética Judicial[4] y las Reglas 63.1 y 63.2 de Procedimiento Civil.[5] Sobre esto, la Regla 63.1 de Procedimiento Civil, *supra*, establece que un juez deberá inhibirse, a iniciativa propio o a recusación de parte, por cualquiera de las siguientes razones:

a. **Por tener prejuicio o parcialidad hacia cualquiera de las personas o los abogados o abogadas que intervengan en el pleito o por haber prejuzgado el caso**;[6]

b. por tener interés personal o económico en el resultado del caso;

c. por existir un parentesco de consanguinidad o afinidad dentro del cuarto grado con el(la) fiscal, procurador(a) de asuntos de familia, defensor(a) judicial, procurador(a) de menores o con cualquiera de las partes o sus representantes legales en un procedimiento civil;

d. por existir una relación de amistad de tal naturaleza entre el juez o jueza y cualquiera de las partes, sus abogados o

---

[4] 4 LPRA Ap. IV-B.
[5] 32 LPRA Ap. V, R. 63.1 y 63.2.
[6] En cuanto a lo que significa prejuicio o parcialidad personal, nuestro Tribunal Supremo ha dicho que ello se refiere a "una actitud que se origina fuera del plano judicial, es decir, en el plano extrajudicial." Mun. de Carolina v. CH Properties, 200 DPR 701 (2018) al citar a Pueblo v. Maldonado Dipiní, 96 DPR 897, 910 (1969).

KLCE202400873 cons. KLCE202400875, KLCE202400876, KLCE202400877, KLCE202400878, KLCE202400879, KLCE202400880, KLCE202400881, KLCE202400882, KLCE202400883, KLCE202400884, KLCE202400885, y KLCE202400886

10

abogadas, testigos u otra persona involucrada en el pleito que pueda frustrar los fines de la justicia;

e. por haber sido abogado(a) o asesor(a) de cualquiera de las partes o de sus abogados(as) en la materia en controversia, o fiscal en una investigación o procedimiento criminal en el que los hechos fueron los mismos presentes en el caso ante su consideración;

f. por haber presidido el juicio del mismo caso en un tribunal inferior o por haber actuado como magistrado(a) a los fines de expedir una orden de arresto o citación para determinar causa probable en la vista preliminar de un procedimiento criminal;

g. por intervenir en el procedimiento una persona natural o jurídica que le haya facilitado o gestionado algún préstamo en el que no se hayan dispensado las garantías o condiciones usuales;

h. cuando en calidad de funcionario(a) que desempeña un empleo público, haya participado como abogado(a), asesor(a) o testigo esencial del caso en controversia;

i. cuando uno de los abogados o abogadas de las partes sea abogado(a) de los jueces o juezas que han de resolver la controversia ante su consideración o lo haya sido durante los últimos tres años, o

j. por cualquier otra causa que pueda razonablemente arrojar dudas sobre su imparcialidad para adjudicar o que tienda a minar la confianza pública en el sistema de justicia.

(Énfasis suplido)

De otra parte, la Regla 63.2 dispone cómo se perfeccionará la solicitud de inhibición o recusación y el procedimiento para ello. En lo referente, esta señala:

**a)** Toda solicitud de recusación será jurada y se presentará ante el juez o jueza recusado(a) dentro de veinte (20) días desde que la parte solicitante conozca la causa de la recusación. La solicitud incluirá los hechos específicos en los cuales se fundamenta y la prueba documental y declaraciones juradas en apoyo a la solicitud. Cuando la parte promovente de la recusación no cumpla con las formalidades antes señaladas, el juez o jueza podrá continuar con los procedimientos del caso.

b) Una vez presentada la solicitud de recusación, si el juez o jueza recusado(a) concluye que procede su inhibición, hará constar mediante resolución escrita los incisos (a) a (i) de la Regla 63.1 aplicable, en su defecto, la razón específica para su inhibición bajo el inciso (j) y la notificará a todas las partes. El caso será asignado a otro juez o jueza.

c) Si el juez o jueza concluye que no procede su inhibición, se abstendrá de continuar actuando en su capacidad de juez o jueza en el caso y remitirá los autos del mismo al juez administrador o jueza administradora para la designación de un juez o jueza que resuelva la solicitud de recusación. La

KLCE202400873 cons. KLCE202400875, KLCE202400876, KLCE202400877, KLCE202400878, KLCE202400879, KLCE202400880, KLCE202400881, KLCE202400882, KLCE202400883, KLCE202400884, KLCE202400885, y KLCE202400886

11

recusación se resolverá dentro del término de treinta (30) días de quedar sometida.

d) Una vez un juez o jueza haya comenzado a intervenir en un caso, no podrán unirse al caso los abogados o abogadas cuya intervención pueda producir su recusación.

Alguna de las causas para solicitar la recusación de un juez o una jueza reconocidas en la regla, nacen de situaciones particulares entre el magistrado y una parte que pueden suscitar algún tipo de preferencia o prejuicio a favor o en contra de alguna de las partes involucradas en el pleito. Conjuntamente, la Regla 63.1 anticipa la posibilidad de que el juez o la jueza haya prejuzgado la controversia. O sea, que sus visiones personales controlen la adjudicación del caso, independientemente de la evidencia que se le presente y del derecho aplicable. Dávila Nieves v. Meléndez Marín, 187 DPR 750 (2013).

La recusación de un juez o una jueza no es una sanción disciplinaria. Sin embargo, un juez o una jueza que actúa con pasión, prejuicio o parcialidad puede incurrir también en una violación a sus deberes éticos. *Íd*. Así lo reconoce el Canon 20 de Ética Judicial al disponer que las juezas y los jueces deben abstenerse de adjudicar, entre otros, aquellos casos en los que tengan "prejuicio o parcialidad hacia cualquiera de las personas, las abogadas o los abogados que intervengan en el pleito o por haber prejuzgado el caso". La obligación de abstenerse de intervenir en un caso en esas circunstancias responde al deber ético de imparcialidad. Dávila Nieves v. Meléndez Marín, *supra*, al citar a In re Grau Acosta, 172 DPR 159 (2007). Tal deber requiere a todos los integrantes de la Judicatura, no solo una conducta efectivamente imparcial, "sino además la exclusión de toda posible apariencia de parcialidad". *Íd.*

-III-

A través de los recursos consolidados de epígrafe, como arriba indicamos, COBRA cuestiona la determinación del Juez Martínez

KLCE202400873 cons. KLCE202400875, KLCE202400876, KLCE202400877, KLCE202400878, KLCE202400879, KLCE202400880, KLCE202400881, KLCE202400882, KLCE202400883, KLCE202400884, KLCE202400885, y KLCE202400886

12

Piovanetti, mediante la cual declaró No Ha Lugar la recusación que solicitó contra el Juez Ramírez Marcano. Así, discute que fue errado determinar que la solicitud de recusación se hizo expirado el término de 20 días aludido en la Regla 63.2(a) de Procedimiento Civil, pues esta descansa en un patrón de conducta por parte del Juez Ramírez Marcano y no un evento aislado.

Las partes recurridas,[7] por su parte, mediante sus respectivas comparecencias señalan que la petición de recusación es otro malintencionado intento por parte de COBRA de impedir la continuación del litigio. También aducen, que la misma fue sometida luego de los veinte días establecidos por la Regla 63.2 de Procedimiento Civil, *supra*, así como que esta careció de fundamentos sustanciales y evidencia alguna que la respaldara. Por otra parte, establecen que el alegado patrón de conducta que la peticionaria ha exhibido al insistir en la recusación del juez y mantener paralizado los distintos pleitos de autos, constituye una actitud temeraria.

Evaluado el expediente, no encontramos presentes ninguno de los criterios que requieren nuestra intervención. Consideramos que no estamos ante un escenario en el que el foro primario haya actuado sin jurisdicción sobre el asunto o que se configure un caso extremo que exija nuestra intervención. Tampoco, contrario a lo que argumenta la parte peticionaria en sus múltiples recursos, nos parece que la decisión recurrida sea contraria a derecho, ni que en esta haya mediado prejuicio, parcialidad o abuso de discreción por parte del TPI o que la expedición del auto evite el fracaso de la justicia, mereciendo, pues, nuestro respeto.

---

[7] El 4 de septiembre de 2024, el Municipio de Guaynabo sometió su posición en cuanto al recurso KLCE202400880; el 5 de septiembre del año en curso, los Municipios de Humacao, Caguas y Las Piedras se opusieron a la expedición de los recursos KLCE202400881, KLCE202400884 y KLCE2020400878, respectivamente.

KLCE202400873 cons. KLCE202400875, KLCE202400876, KLCE202400877, KLCE202400878, KLCE202400879, KLCE202400880, KLCE202400881, KLCE202400882, KLCE202400883, KLCE202400884, KLCE202400885, y KLCE202400886

13

-IV-

Por todo lo antes expuesto, denegamos la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones